IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2018 Session

**STATE OF TENNESSEE v. QUINCY D. SCOTT**

**Appeal from the Criminal Court for McMinn County**
**No. 2014-CR-331    Sandra Donaghy, Judge**

_____

**No. E2017-01416-CCA-R3-CD**

_____

Defendant, Quincy D. Scott, appeals his conviction for aggravated robbery for which he was sentenced to seventeen years as a Range II, multiple offender at 85%. On appeal, Defendant contends that the cumulative effect of various errors at trial entitled him to a new trial. Upon reviewing the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ROBERT W. WEDEMEYER, JJ., joined.

Ashley L. Ownby, Cleveland, Tennessee, (on appeal) and Donald Leon Shahan, Jr., Assistant Public Defender (at trial), for the appellant, Quincy D. Scott.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Stephen D. Crump, District Attorney General; and Dorothy Cherry and Emily Petro, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The evidence presented at trial established that on June 28, 2014, Defendant entered a Check Into Cash and informed Felicia Braham, the assistant manager, that he needed a loan. As Ms. Braham was questioning Defendant about the loan, he pulled a piece of a black stretchy material over his face, brandished a gun, and demanded money. Defendant took more than $3,300 in cash and fled.

Lisa Raby, the manager, was in the parking lot and saw a man leave the store and place a gun in the back of his pants. A black truck drove into the parking lot, and the man entered on the passenger side. Ms. Raby attempted to follow the truck but lost sight

of it in traffic. She was not able to identify the individual with the gun in a photographic line-up.

Initially, Ms. Braham was unable to identify the perpetrator in a photographic line-up that did not include Defendant. On July 10, 2014, while investigating an accident during which the driver fled the scene, Detective Josh Rhodes initiated a traffic stop of a truck that he described as so dark blue that it appeared to be black. Larry Moore, who was the focus of an ongoing bank robbery investigation, was the driver, and Defendant was a passenger. Detective Rhodes allowed Defendant and Mr. Moore to leave once the detective received information that they were not involved in the accident. While speaking to Defendant, Detective Rhodes realized that Defendant matched the description of a suspect that the detective received in a be-on-the-lookout alert. Detective Rhodes provided Defendant's information to Detective Jim Shaw, who prepared a photographic line-up that included Defendant's photograph. Ms. Braham identified Defendant as the perpetrator in the photographic line-up and at trial.

After a warrant was issued for Defendant's arrest, Detective Rhodes initiated a traffic stop of the same truck and spoke to Mr. Moore about Defendant's location. Detective Rhodes arrested Defendant later that same day. Detective Rhodes also searched the truck and seized an "air soft type pistol" and magazine, a set of Walkie-Talkies, a black "cinch sack" with rainbow colors on the reverse side, a Joker's mask, and a black nylon "do-rag." The "do-rag" included a DNA mixture of three individuals, and Defendant could not be excluded as a contributor.

Defendant presented the testimony of Dr. Jeffrey Neuschatz, an expert in cognitive psychology and eyewitness identification, regarding the factors that could have affected a witness's identification of a perpetrator and regarding problems with the photographic line-ups. Defendant also presented the testimony of Officer Michael Richmond, who responded to the scene and followed a black Chevrolet truck that he believed matched the description of the truck involved in the robbery. Officer Richmond's description of the truck differed from the description offered by Ms. Raby at trial. Officer Richmond, however, lost contact with the truck.

At the conclusion of the proof, the jury convicted Defendant of aggravated robbery. Following a sentencing hearing, the trial court sentenced Defendant to seventeen years as a Range II, multiple offender at 85%. This appeal followed.

## ANALYSIS

Defendant maintains that he is entitled to relief based on the cumulative error doctrine. Our supreme court has recognized the cumulative error doctrine as a "judicial

recognition that there may be multiple errors committed in trial proceedings, each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial." *State v. Hester*, 324 S.W.3d 1, 76 (Tenn. 2010) (citations omitted). The State maintains that Defendant waived this issue by failing to raise it in his motion for new trial. *See* Tenn. R. App. P. 3(e); *State v. Korie Bates*, No. W2004-00686-CCA-R3-CD, 2005 WL 1215963, at *8 (Tenn. Crim. App. May 20, 2005) (holding that the defendant waived his cumulative error argument by failing to raise it in his motion for new trial). Regardless, "[t]o warrant assessment under the cumulative error doctrine, there must have been more than one actual error committed in the trial proceedings." *Hester*, 324 S.W.3d at 77 (citations omitted).

Defendant argues that "there were numerous errors in the admission of evidence, all of which were related to the State's seizures of items from the truck belonging to Larry Moore in which [Defendant] had been a passenger weeks after the robbery." Defendant also challenges the "numerous discrepancies in the evidence," the admission of photographs and other evidence of items seized from the truck, the admission of testimony that Mr. Moore was a suspect in another robbery, and the trial court's denial of a new trial based on Detective Rhodes's dismissal from his law enforcement position due to claims of misconduct. As the State notes in its brief, Defendant identifies in his brief what he believes to be errors but fails to set forth any basis or substantive contentions to support his claims of error, fails to cite to any authority relevant to establishing an individual error, and fails to provide any reasoning as to why his claims require relief. During oral argument, Defendant's counsel acknowledged that he reviewed the State's brief in which the State asserted that Defendant waived his claims due to an inadequate brief shortly after the State filed its brief. However, counsel chose not to file a reply brief correcting the deficiencies.

We note that the appellate record in this case is extensive. The parties filed numerous pretrial motions and made numerous objections throughout the trial that necessitated bench conferences and jury-out hearings. We decline to scour the record in an attempt to ascertain any relevant discussion regarding Defendant's claims; any argument that Defendant may have made before, during, and after trial challenging the trial court's decisions; the basis upon which the trial court rendered its decisions; and any other information that might support Defendant's claims of error. In other words, we decline to do Defendant's work for him when he was on notice of the State's argument of an insufficient brief and he failed to take any corrective action despite having an opportunity to do so. Rather, we agree with the State that Defendant has waived his claims of individual errors due to inadequate briefing. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court"); *see also* Tenn. R. App.

P. 27(a)(7)(A) (requiring that an appellate brief contain an argument "setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record").  Because Defendant has failed to establish any individual error, he is not entitled to relief based on the cumulative error doctrine.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE